IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT L. HANULIK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Crim. No. 95-6-SLR |
| ) | Civ. No. 05-60-SLR |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

Petitioner Robert L. Hanulik is a federal prisoner housed at U.S.P. Terre Haute in Terre Haute, Indiana. On February 4, 2004, petitioner filed a form motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence and an application to proceed in forma pauperis. (D.I. 49; D.I. 50)  For the reasons stated below, the court dismisses his motion as a second or successive § 2255 motion.

**II.  FACTS**

On March 23, 1995, petitioner pled guilty to counts I and II of a superseding indictment charging him with conspiracy to deprive a person of his civil rights (18 U.S.C. § 241) and possession of a firearm during a violent crime (18 U.S.C. §

924(c)), respectively. On June 13, 1995, this court[1] sentenced petitioner to 120 months on count I and 60 months on count II, to run consecutively, for a total sentence of 15 years imprisonment. Petitioner appealed his sentence, and the Third Circuit Court of appeals dismissed his appeal as untimely. (D.I. 28)

On May 21, 1997, petitioner filed a § 2255 motion to vacate, set aside, or correct sentence. (D.I. 32) By his motion, petitioner asserted that his counsel provided ineffective assistance in drafting the plea agreement by: (1) misleading petitioner into believing that he would receive a maximum sentence of 11 years; and (2) failing to insert language into the plea agreement permitting him to withdraw the plea and proceed to trial if the agreement was breached. In an order dated June 4, 1998, the court found that counsel had not provided constitutionally ineffective assistance and denied the § 2255 motion. (D.I. 47) Petitioner did not appeal this decision.

Presently before the court is petitioner's § 2255 motion, asserting that his 1995 sentence violates <u>Blakely v. Washington</u>, - U.S. -, 124 S.Ct. 2531 (2004) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

## III. DISCUSSION

On April 24, 1996, the President signed into law the

---

[1] This matter was originally assigned to the Honorable Joseph J. Longobardi, but was re-assigned to the undersigned on February 9, 2005.

Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. The AEDPA provides that certain federal prisoners who have previously filed habeas motions must first obtain leave from the court of appeals to file the second or successive motion in district court. 28 U.S.C. § 2255. A § 2255 motion is classified as second or successive if a prior § 2255 motion, challenging the same conviction and sentence, has been decided on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000)("a habeas petition filed in the district court after an initial habeas petition was unadjudicated on the merits and dismissed for failure to exhaust state remedies is not a second or successive petition").

Here, the court denied petitioner's first § 2255 motion, challenging his 1992 conviction and sentence, on the merits. Petitioner's present § 2255 motion challenges the same sentence. As such, petitioner has presented to the court a second or successive § 2255 motion. See 28 U.S.C. §§ 2244(a),(b)(3) and 2255. The record is clear that he has not obtained an order from the court of appeals authorizing the district court to consider this motion. See 28 U.S.C. § 2244(b)(3). Accordingly, pursuant to 28 U.S.C. § § 2244(a) and 2255, the court will dismiss petitioner's current § 2255 motion for lack of jurisdiction. See Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002)("When a second or successive habeas petition is erroneously filed in a

3

district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals"); Torres v. Senkowski, 316 F.3d 147, 152 (2d Cir. 2003)(holding that a district court must dismiss a second or successive habeas petition).

To assist petitioner in applying for leave to file a successive petition, the court has attached the appropriate forms to this order.

**IV. CONCLUSION**

THEREFORE, at Wilmington this 3d day of March, 2005; IT IS ORDERED that:

1. Petitioner Robert L. Hanulik's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is GRANTED. (D.I. 50)

2. Petitioner's motion for federal habeas corpus relief pursuant to 28 U.S.C. § 2255 is DISMISSED. (D.I. 49)

3. Petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and a certificate of appealability is not warranted. See United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); Third Cir. Local Appellate Rule 22.2 (2000).

4. To assist petitioner in applying for leave to file a successive petition, the clerk shall attach the appropriate forms to this order.

5.  Pursuant to Rule 4(b) of the Rules Governing Section 2255 Motions, 28 U.S.C. foll. § 2255, the clerk shall send a copy of this Memorandum and Order upon: (1) petitioner; and (2) the United States Attorney for the District of Delaware.

_____
United States District Judge