UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

RECEIVED
JUN 2 3 2005
U.S.C.A. 3rd CIR.

ROBERT L. HANULIK,
Petitioner/Appellant, Pro-Se,

V.

UNITED STATES OF AMERICA,
Respondent/Appellee.

Appeal Doc. No. _____

U.S.D.C. No. 95-06-SLR

Civ. No. 05-60-SLR

NOTICE OF APPEAL

RECEIVED
JUN 2 9 2005
LEGAL DIVISION
U.S.C.A. 3rd CIR

## NOTICE OF APPEAL TO THE COURT OF APPEALS FROM A JUDGMENT AND ORDER OF A DISTRICT COURT.

Notice is hereby given that ,Robert L. Hanulik, Petitioner, in the above named Caption, Hereby's Appeal to the United States Court Of Appeals for The Third Circuit.

From the final judgment and order entered in this action; 28 U.S.C. §2255: Denial on the 3rd. Day of March, 2005. and annexed hereto as Exhibit; A.

6/21/05
Dated

RESPECTFULLY SUBMITTED

_Robert L. Hanulik_

ROBERT L. HANULIK           PRO SE.


ROBERT L. HANULIK
REG. NO. 48074-066
U.S.P. TERRE HAUTE
P.O.BOX, 12015
TERRE HAUTE, IN. 47801

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

| | |
|---|---|
| ROBERT L. HANULIK,<br>Petitioner/Appellant, Pro-Se,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondant/Appellee. | Appeal Doc. No. _____<br><br>U.S.D.C. No. 95-06-SLR<br><br>Civ. No. 05-60-SLR<br><br>PETITIONER NOTICE OF APPEAL AND REQUEST FOR A CERTIFICATE OF APPEALABILITY PURSUANT TO: 28U.S.C. §2253(c). |

## PETITIONER'S APPLICATION FOR A CERTIFICATE OF APPEALABILITY

## PURSUANT TO TITLE 28 U.S.C. §2253 (c).

Comes Now, The above named petitioner/Appellant; Robert L. Hanulik, Appearing in pro-se, and pursuant to the Authority Codified at Title 28 U.S.C. § 2253(c)., (as amended April, 24, 1996 ); and Respectfully applies to this Honorable Court and the Justices thereof, For a Certificate of Appealability from the final order entered by the United States District Court for the District of Delaware. Dated: March,3rd, 2005; Denying the petitioner's Motion To Vacate, Set Aside or Correct his conviction and sentence pursuant to 28 U.S.C.§2255 (4).

In support hereof as well as in compliance with the reqúirements of 28 U.S.C.§2253 (c)(1). The undersigned respectfully show's the following:

That Petitioner is a pro-se, Litigant and thus Requests that he be afforded the Liberal consideration Authorized by the Supreme Court in **Estelle v. Gamble, 429 U.S. 97, 50 L. Ed. 2d. 251, 97 S.Ct. 285** and **Haines v. Kerner, 404 U.S. 519,30 L. Ed.2d. 652,92S.Ct.594.**

Title 28 U.S.C. §2253(c)(2), as revised by the Antiterrorism and Effective Death Penalty Act of 1996( the Act ), effective April,

24, 1996; requires a §2255 movant who appeals a denial of his motion by the District Court to obtain a Certificate of Appealability from the the Appellate Courts by making a substantial showing of the denial of a constitutional right. 28 U.S.C.§2253(c)(2). The Act further requires that Certificates of Appealability "indicates which specific issue or issues " are found to be appealable.

The test for whether a lapse by an defense counsel prejudiced the defendant, for the purposes of the counsel-effectiveness test of **Strickland v. Washington, 466 U.S. at,691,104 S.Ct. at,2066.**,cannot focus soley on whether the appeal would have been successful absent counsel's shortcomings, but whether the attorney's error made the proceeding unfair and it's outcome unreliable See: **Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)**(an analysis focusing soley on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or un reliable, is defective). Thus, the presence or absence of prejudice with respect to claims of ineffective assistance of counsel at the appellate level, Hinges upon the fairness of the appeal proceeding and the reliability of the Appeals Court's decision resulting therefrom. In petitioner's § 2255, motion he has presented significant questions as to grounds raised.

(1) The District Court guideline Calculations and applications Violated **Blakely v. Washington, 124 S.Ct. 2531.(2004) and Apprendi v. New Jersey, 530 U.S. 466(2000)**,Petitioner submits that the Guidelines calculations and Criminal History calculations utilized by the District Court were incorrect and unlawful. As in **Apprendi,** held that anyfacts that increases the Maximum sentence a defendany may recieve under the relavant sentencing scheme must be alleged in the indictment and proven beyond a reasonable doubt by the petit

jury. **Blakely** was an extension of **Apprendi**, to a guideline scheme which now applies to the Federal Sentencing Guidelines. **Blakely**, Held, in part, that in order to increase a defendant's sentence beyond the statutory maximum, either a defendant must admit as part of a guilty plea or a jury must find beyond a reasonable doubt, the (fact's) giving rise to the enhancement. **Blakely** held that the absence of either and admission or a jury finding violates the Sixth Amendment To the Federal Constitution to have a jury determine beyond a reasonable doubt.

Petitioner clearly showed ineffective assistance of counsel as counsel failed in his duty to his Client, and failed in his duty to clearly investigate petitioner's case and the Laws pertaining to his case. As petitioner's demonstrate through Due Diligence that his counsel was ineffective under §2255(4); When petitioner become's aware of Counsel ineffectiveness through due diligence. Which denies him, His Sixth Amendment Right to effective assistance.

A COA; should be issued as petitioner satisfies this standard by demonstrating that jurists of reason could disagree with District Court's resolution of his case or that the issues presented were adequate to deserve further encouragement to proceed further. **Miller-El v. Cockrell, 537 U.S. 522,527 (2003) (quoting; Slack v. Mc Daniel, 527 U.S. 473, 484 (2000). C.f.,Tennard v. Dretke, 159 L.Ed.2d. 384 (2004).**

A petitioner need not convince a judge or for that matter three judges, that he will prevail, but must demonstrate that reasonable jurors would find the District Court's assessment of the constitutional claims debatable. Specifically, the District Court has misapplied the standard articulated in **Massaro v. United States, 538 U.S. 500, (2003).** that held that: [a]n [in]effective assistance of counsel

-3-

claim may be brought in a collateral proceeding under §2255, Whether or not the petitioner could have raised the claim on direct appeal. (emphasis added).

Furthermore, the Court erred in it's application of the **Strickland, standard as articulated by** Wiggins v. Smith, 539 U.S. 510 (2003); in the assessement of petitioner's ineffective claims.

None of petitioner's issues were addressed point-for-point; thereby indicating a summary denial of petitioner's constitutional claim

The standard of review on a COA is contrary to a miscarriage of justice ....As stated previously: [A] COA will [i]ssue [if] an [a]pplicant has [m]ade a substantial show[ing] of the [d]enial of a [c]onstitutional right. (emphasis added).

As a Court generally applies the law in effect at the time of it's decision ; **Thorpe v. Hous. Auth. Of Durham, 393 U.S. 268,281 (1969).** To not adhere to the principles under **Massaro** would ironically produce a grave " miscarriage of justice " that the Court opinion does not exist. As a consequence; Petitioner has made a **threshold showing** of the denial of his Sixth Amendment Right to counsel.

## CONCLUSION

Wherefore; The Ends of justice standard of the Supreme Court is to prevent a fundamental Miscarriage of Justice ........
The Ends of justice standard exception would only be served by entertaining this petition...**Sanders v. United States, 373 U.S. 1, 17, 10 L.Ed. 2d.148 (1963); Mc Leskey v. Zant, 499U.S. 467, 113 L.Ed. 2d. 512 (1996).**

Petitioner Respectfully Requests that this Court Grants petitioner's Certificate of Appealability and Certify issues raised of petitioner's § 2255, Accordingly, The District Court should have granted an evidentiary hearing to develop a factual record on the issue of

-4-

ineffective assistance of counsel. Petitioner had a Due process Right to argue his §2255, issue before the District Court through an evidentiary hearing. If petitioner is to recieve a fair hearing, A Certificate of Appealability must be issue to provide him the opportunity of a forum for fair consideration, removing all doubt as to the fairness of his trial and the reliabilitty of the judgement of conviction That is what an appeal is for......It should not be denied the petitioner

For the foregoing reasons, Petitioner, Robert L. Hanulik, Respectfully prays that this Honorable Court Certify the Appealability of the District Court's denial of petitioner's Habeas Corpus Motion brought under 28 U.S.C. §2255. and Remaned for a hearing.


Dated this _____day of June ,2005.



RESPECTFULLY SUBMITTED

_____
ROBERT L. HANULIK    (PRO SE)

-5-

# CERTIFICATE OF SERVICE

I, Robert L. Hanulik hereby certify that I have served a true and correct copy of the following: Petitioner's Notice of Appeal and Request for A Certificate of Appealability Pursuant To: 28 U.S.C. § 2253(c).; and Motion under 28 U.S.C. § 2244 For Order Authorizing District Court to Consider Second or Successive, Application under Relief of 28 U.S.C. § 2255. with attached documents.

Which is seemed filed at the time it was deliver to prison authorities for forwarding, *Houston v. Lack*, 101 L.Ed.2d 245 (1988), upon the defendant(s) and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

and deposited same in the United States Postal Mail at the United States Penitentiary, Terre Haute on this: _____ day of: JUNE, 2005

Robert L. Hanulik
(Name) # 48074-066
Reg.
P.O. Box, 12015
(Address)
Terre Haute, IN, 47801
(City/State/Zip)