BPS-374                                                      September 15, 2005

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **05-3238/3282** **(CONS.)**

IN RE: ROBERT L. HANULIK, Petitioner

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

     v.

ROBERT A. HANULIK, Appellant


     (D. DEL. CRIM. NO. 95-CR-00006)
     CRIMINAL TREATED AS CIVIL

Present:     RENDELL, FISHER AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

     Submitted are

     (1)    Petitioner's application pursuant to 28 U.S.C. § 2244 and § 2255 to file a second or successive motion under 28 U.S.C. § 2255;

     (2)    Appellant's request for a certificate of appealability under 28 U.S.C. § 2253(c)(1);

     (3)    Appellee's motion to dismiss appeal and deny application for leave to file a second or successive petition; and

     (4)    Petitioner's "Reply Memorandum in Support of Application for Certificate of Appealability"

     in the above-captioned case.

          Respectfully,


          Clerk

MMW/TRA/zm/crg

IN RE: ROBERT L. HANULIK


UNITED STATES OF AMERICA

       VS

ROBERT A. HANULIK
C.A. No. **05-3238/3282**
**Page 2**

_____

_____ORDER_____

**The foregoing** application to file a second or successive motion pursuant to 28 U.S.C. §
2255 is denied.  A second or successive motion must be certified by a Court of Appeals to
contain newly discovered evidence or "a new rule of constitutional law, made retroactive
to cases on collateral review by the Supreme Court, that was previously unavailable."  28
U.S.C. § 2255.  Hanulik does not present new evidence.  He argues that he should be
allowed to file a second or successive motion to bring claims based on *Apprendi v. New
Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United
States v. Booker*, 125 S. Ct. 738 (2005).  However, Hanulik cannot rely on these cases as
new rules of constitutional law, because the Supreme Court has not made them retroactive
to cases on collateral review.  *See Tyler v. Cain*, 533 U.S. 656, 662-63 (2001); *In re
Olopade*, 403 F.3d 159, 164 (3d Cir. 2005); *In re Turner*, 267 F.3d 225, 230 (3d Cir.
2001).  The denial of Hanulik's application is without prejudice to refiling in the event
that the Supreme Court makes *Apprendi*, *Blakely* or *Booker* retroactive to cases on
collateral review.

     Also, Hanulik's appeal is dismissed for lack of appellate jurisdiction because his
notice of appeal was not timely filed.  A notice of appeal in a civil case in which the
United States or its officer is a party must be filed within 60 days of the entry of the order
or judgment being appealed.  *See* FED. R. APP. P. 4(a) (2004).  This time limit is
mandatory and jurisdictional.  *See Browder v. Director, Dep't of Corrections*, 434 U.S.
257, 264 (1978).  The 60-day time period for filing a notice of appeal began to run when
the District Court entered its order on March 3, 2005.  Hanulik did not file his notice of
appeal until June 21, 2005, which is more than 60 days after the entry of the District
Court's order.

     For the foregoing reasons, the United States' "Motion to Dismiss Appeal and Deny
Application for Leave to File a Second or Successive Petition" is granted.



A True Copy:

*Marcia M. Waldron*

Marcia M. Waldron, Clerk

By the Court,

 /s/ *Franklin S. Van Antwerpen*
Circuit Judge

Dated: October 12, 2005
CRG/cc: Mr. Robert L. Hanulik
        Richard G. Andrews, Esq.